**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSE FELIPE DE LA LUZ DE JESUS,<br>Petitioner, | : | |
| v. | : | No. 26-8638 |
| MARKWAYNE MULLIN, *et al.*,<br>Respondents. | : | |

# ORDER

**AND NOW**, this 25th day of November, 2026, upon consideration of the Petition for Writ of Habeas Corpus, ECF No. 1;[1] the Government's Response in Opposition thereto, ECF No. 5;[2] the

[1] Petitioner Jose Felipe De La Luz De Jesus, a native and citizen of Mexico, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on November 12, 2026. *See* Pet. 1, 3-4, ECF No. 1. Petitioner is twenty-three years old and entered the United States without inspection seven years ago. *See id.* at 3. He has one three-year-old child; at the time the petition was filed, the mother of his child was due to give birth the following week to Petitioner's second child. *Id.* On November 10, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") following a traffic stop. *See id.* Five other individuals traveling with Petitioner were also arrested and petitioned for habeas relief. *See id.* at 2 n.3. Since Petitioner's arrest, he has been detained at FDC Philadelphia at 700 Arch St., Philadelphia, PA 19106. *See id.* Petitioner alleges in his petition that his arrest was warrantless and that he does not know the basis of his arrest. *See id.* at 5. He alleges that his arrest without a warrant violates 8 U.S.C. §§ 1226 and 1357; that his continued detention violates Fifth Amendment due process; and that the Government's conduct violates the Administrative Procedure Act, 5 U.S.C. §§ 701–706. *See id.* at 6-9. Petitioner argues that administrative exhaustion is not required because his claims "regarding the constitutionally inadequate process and unlawful deprivation of liberty are not subject to any statutory requirement of administrative exhaustion"; because immigration judges and the Board of Immigration Appeals lack jurisdiction over the statutory and Constitutional claims raised in the petition; and because the administrative process would offer "no meaningful opportunity for relief" in light of the Government's choice not to parole Petitioner despite his eligibility and the irreparable harm Petitioner faces due to his continued detention." *See id.* at 11-12. Thus, Petitioner requests, *inter alia*, immediate release from detention pursuant to 28 U.S.C. § 2241, and continued release during the pendency of any immigration proceedings brought against him. *See id.* at 10-11, 13.

[2] The Government filed a Response in Opposition on November 20, 2026, arguing that the Court should deny habeas relief because (1) Petitioner is lawfully detained under the discretionary provisions of 8 U.S.C. § 1226(a) and has not exhausted administrative remedies; (2) his claims based on defects in his arrest are not cognizable under habeas and his present custody is lawful; and (3) his detention does not violate Constitutional due process. *See* Resp. 5-10, ECF. No. 5. The

Petitioner's Reply, ECF No. 6;[3] and consistent with the decisions from the Eastern District of Pennsylvania granting habeas relief to the other five individuals detained alongside Petitioner after the November 10, 2026 traffic stop;[4] **IT IS HEREBY ORDERED**:

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**[5] as follows:

1. The Government shall **immediately release** Petitioner from custody;
2. The Government is further **directed** to return to Petitioner any and all funds, forms of identification, and property which may have been seized from him at the time of his arrest on November 10, 2026;
3. The Government is **directed** to certify compliance with the Court's Order by filing such certification on the docket **no later than 12:00 P.M. E.S.T. on November 27, 2026**.
4. The Government is **temporarily enjoined** from re-detaining Petitioner for **seven (7) days following his release from custody**.

---

Government also argues that it followed the applicable regulations in arresting and detaining Petitioner, and that the "Court should reject any argument that section 1226(a) requires pre-deprivation danger and flight-risk findings in order for detention to be lawful." *See id.* 10-12. Regarding Petitioner's claim that he was arrested without a warrant, the Government avers that ICE issued a Form I-200 warrant after Petitioner "admitted he was in the United States illegally and that he had no legal immigration status." *Id.* at 4. The Government also avers that Petitioner was presented the opportunity to request a hearing before an immigration judge, but refused. *See id.* at 4.

[3] Petitioner filed a Reply on November 23, 2026, again alleging that he was detained through a warrantless arrest following a traffic stop, "after which no individualized assessment of danger of flight was made." Reply 2, ECF No. 6. Petitioner attaches for reference decisions from other Judges in this District granting the habeas petitions and ordering immediate release of the five other individuals arrested by ICE during the same traffic stop. *See id.*

[4] The other five individual noncitizens arrested alongside Petitioner in relation to the November 10, 2026 traffic stop have been granted habeas relief and ordered to be immediately released. *See Mercado Marin v. Mullin,* No. 26-8635, 2026 WL 3522582 (E.D. Pa. Nov. 16, 2026); *Vazquez v. Mullin*, No. 26-8636 (E.D. Pa. Nov. 17, 2026); *De La Luz-Limon v. Mullin*, No. 26-8637 (E.D. Pa. Nov. 18, 2026); *Jimenez v. Mullin*, No. 26-8639 (E.D. Pa. Nov. 16, 2026); *Gonzalez v. Mullin*, No. 26-8641 (E.D. Pa. Nov. 17, 2026); *see also Reply*.

[5] To the extent counsel seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), he may file a separate motion.

5. If, after the seven-day period, the Government chooses to pursue re-detention of Petitioner, it must demonstrate through constitutionally adequate procedures that detention is authorized and warranted, including an individualized custody determination and a bond hearing, at which an immigration judge shall determine whether detention is warranted pending the resolution of removal proceedings.
6. The clerk is **directed** to mark this case **CLOSED**, upon receipt of the Government's certification of compliance with this Order.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*____________
JOSEPH F. LEESON, JR.
United States District Judge